**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR-12-1055-PHX-FJM (LOA) |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Paul Ben Arredondo, ) | |
| ) | |
| Defendant. ) | |
| ) | |

  This case arises on the parties' Amended Consent Motion for Protective Order, pursuant to Rule 16(d)(1), Fed.R.Crim.P.[1] (Doc. 10) The motion has been referred to the undersigned Magistrate Judge for ruling.

  The parties' Amended Consent Motion seeks a protective order of discovery materials, not documents filed with the District Court, exchanged between the parties which

---

[1] Federal Rule of Criminal Procedure 16(d)(1) provides:

> At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect ex parte. If relief is granted, the court must preserve the entire text of the party's statement under seal.

Rule 16(d)(1), Fed.R.Crim.P. "The Rules Advisory Committee specifically designed Rule 16(d)(1) to provide a mechanism to protect witness safety, and to grant considerable discretion to the district court in drafting orders under that rule. See Fed.R.Crim.P. 16 advisory committee's note (1974 Amendment)." *United States v. Fort*, 472 F.3d 1106, 1131 (9th Cir. 2007)

are "[c]onfidential and sensitive information related to other investigations (both closed and ongoing)." (*Id.* at 2).

In the Ninth Circuit and subject to certain exceptions, documents exchanged in discovery are presumptively public in nature. *Moulay v. Ragingwire Enterprise Solutions, Inc.*, 2010 WL 4628076, * 3 (E.D.Cal. November 4, 2010) (citing *San Jose Mercury News, Inc. v. U.S. District Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public")); *but see United States v. Wecht*, 484 F.3d 194, 211 (3d Cir. 2007) (discovery traditionally conducted by the parties in private and not filed is generally not publically available) (citing, *e.g.*, *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) ("[R]estraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information."); *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985); *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) ("Discovery, whether civil or criminal, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation."); *see also United States v. Patkar*, 2008 WL 233062, * 4 (D.Haw. January 28, 2008) (discussing good cause requirement in a criminal case and "find[ing] reference to Federal Rule of Civil Procedure 26(c) a useful tool to review the government's claim that they have established good cause pursuant to Federal Rule of Criminal Procedure 16(d).").

"Good cause is established on a showing that disclosure will work a clearly defined and serious injury . . . The injury must be shown with specificity." *Wecht*, 484 F.3d at 211 (citing Fed.R.Civ.P. 26(c)). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." *Id.* (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (citation and internal quotation marks omitted)); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (presumption of public right of access is subject to a "good cause" exception for the filing of discovery documents subject to a protective order). "The good cause

1 determination must also balance the public's interest in the information against the injuries
2 that disclosure would cause." *Wecht*, 484 F.3d at 211 (citation omitted).

3        In the Ninth Circuit, to prevent access to unfiled discovery materials, "[a] party
4 asserting good cause bears the burden, *for each particular document it seeks to protect, of*
5 *showing that specific prejudice or harm will result if no protective order is granted.*" *Foltz*,
6 331 F.3d at 1130 (citation omitted) (emphasis added). Like other circuits, "[b]road
7 allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not
8 satisfy the Rule 26(c) test." *Beckman Ind., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir.
9 1992) ("In the instant case, the parties stipulated to a blanket protective order. Reliance will
10 be less with a blanket order, because it is by nature overinclusive.") (citation omitted).

11        The parties' Amended Consent Motion fails to make a sufficient showing for each
12 particular document, or group of similar documents, that specific prejudice or harm will
13 result if no protective order is granted for such documents, and the parties have not provided
14 a specific, narrowly-tailored definition of "confidential information" for the documents the
15 parties seek to protect within the context of this case. It is the Court's view that non-
16 confidential information must not be the subject of protective order regardless whether an
17 all-inclusive protective order would make it easier for counsel to exchange or facilitate
18 discovery.

19        The parties' failing to demonstrate good cause for a protective order,

20        **IT IS ORDERED** that the parties' Amended Consent Motion for Protective Order,
21 doc. 10, is **DENIED** without prejudice.

22        **IT IS FURTHER ORDERED** that counsel shall hereinafter comply with the Rules
23 of Practice for the United States District Court for the District of Arizona. The District's
24 Rules of Practice may be found on the District Court's internet web page at
25 www.azd.uscourts.gov/. Counsel shall comply with Local Rules ("LRCrim" or "LRCiv")
26 LRCrim 12.1 and LRCiv 7.1(a)(3) which mandate that for captions, "[p]arty names must be
27 //
28

1  capitalized using proper upper and lower case type[.]" LRCiv 7.1(a)(3).  (A sample of proper
2  capitalization is provided in Appendix C – LRCiv 7.1 Form)
3      Dated this 30th day of May, 2012.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge

- 4 -