**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America,

Plaintiff,

vs.

Paul Ben Arredondo,

Defendant.

CR-12-1055-PHX-FJM (LOA)

**PROTECTIVE ORDER**

Pending before the Court is the parties' Second Consent Motion for Protective Order, filed on May 31, 2012, pursuant to Rule 16(d)(1), Fed.R.Crim.P.[1] (Doc. 16) This motion has been referred to the undersigned Magistrate Judge for ruling by the assigned District Judge.

**I. Background**

On May 16, 2012, a five-count indictment was returned against Defendant Paul Ben

---

[1] Federal Rule of Criminal Procedure 16(d)(1) provides:

> At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect ex parte. If relief is granted, the court must preserve the entire text of the party's statement under seal.

Rule 16(d)(1), Fed.R.Crim.P. "The Rules Advisory Committee specifically designed Rule 16(d)(1) to provide a mechanism to protect witness safety, and to grant considerable discretion to the district court in drafting orders under that rule. *See* Fed.R.Crim.P. 16 advisory committee's note (1974 Amendment)." *United States v. Fort*, 472 F.3d 1106, 1131 (9th Cir. 2007) (Judge W. Fletcher dissenting).

Arredondo ("Arredondo"), an elected official in the Arizona House of Representatives, charging him with Federal Programs Bribery (Count 1), in violation of 18 U.S.C. § 666(a)(1)(B); Honest Services Mail Fraud (Counts 2 and 3), in violation of 18 U.S.C. §§ 1341 and 1346; Hobbs Act Extortion (Count 4), in violation of 18 U.S.C. §§ 1951 and 2; and False Statements (Count 5), in violation of 18 U.S.C. § 1001(a)(2). On May 30, 2012, Arredondo entered pleas of not guilty and was released on conditions without supervision by Pretrial Services. That same day, the Court denied without prejudice the parties' first stipulated motion for a protective order. (Docs. 10, 14)

The parties' Second Consent Motion for Protective Order requests a protective order from public disclosure certain discovery materials containing confidential information "[r]elated to other investigations (both closed and ongoing)." (Doc. 16 at 2) The parties represent that if the confidential information were publicly disclosed, "[s]uch disclosure might impede those investigations which are ongoing and/or impair the privacy rights of third parties whose conduct is or was at one time under investigation. Moreover, some of this material contains sensitive information regarding witnesses, such as personal identifiers, addresses, and phone numbers." (*Id*.)

In their motion, the parties have limited the scope of their request and defined "Confidential Material" to include four classes of materials that are not otherwise available to the public, *i.e.*, "(1) materials relating to the investigation of third persons and/or entities (both open and closed); (2) materials relating to individuals who have agreed to cooperate with the Government in the investigation of other persons or entities; (3) materials relating to individuals who provided background information to law enforcement regarding the investigation of other persons or entities [who have] requested that their identities not be disclosed; (4) all financial records, tax records, and personal identifier information (including addresses, birthdates (sic), and social security numbers) of all third parties." (*Id*.) The Government explains that the parties do not seek to seal public records; but rather, to protect non-public information produced to the defense as part of its discovery obligation. (*Id*. at 3) The parties' motion does not address, nor does it seek to preclude from public disclosure,

documents filed with the District Court. *See United States v. Loughner*, 807 F.Supp.2d 828, 830-832 (D.Ariz. 2011) (citing cases discussing, among others, the interests of the public and press to court records and proceedings in a criminal case and denying non-party news organizations access to investigative reports, files or materials relating to a federal criminal investigation.)

**II. Protective Orders in Criminal Cases**

"Discovery in a criminal case is governed by Rule 16 of the Federal Rules of Criminal Procedure, which specifies the type of information subject to disclosure by the Government." *United States v. El-Mezain*, 664 F.3d 467, 519 (5th Cir. 2011) (citing Fed.R.Crim.P. 16(a)(1)). In addition to other information, "[t]he rule generally requires the Government to disclose 'to the defendant . . . any relevant written or recorded statement by the defendant' that is within the Government's possession." *Id.* (quoting Fed.R.Crim.P. 16(a)(1)(B)(i)). Rule 16(d)(1) authorizes a district court, upon a showing of good cause, to "[d]eny, restrict, or defer discovery or inspection, or grant other appropriate relief." Rule 16(d)(1), Fed.R.Crim.P.

"The Ninth Circuit has yet to define what constitutes 'good cause' to restrict discovery pursuant to Federal Rule of Criminal Procedure 16 . . . for unfiled discovery materials." *United States v. Patkar*, 2008 WL 233062, * 4 (D.Haw. January 28, 2008) (discussing the good cause requirement in a criminal case and "find[ing] reference to Federal Rule of Civil Procedure 26(c) a useful tool to review the government's claim that they have established good cause pursuant to Federal Rule of Criminal Procedure 16(d)."). The Third Circuit appears to be the only circuit court to have discussed Rule 16(d)(1)'s good cause standard regarding non-classified information contained in discovery not made part of a judicial record. *United States v. Wecht*, 484 F.3d 194, 211 (3d Cir. 2007). In *Wecht*, the court adopted the same standard it applies for access to civil judicial records under Federal Rule of Civil Procedure 26(c). *See also United States v. Mejia*, 448 F.3d 436, 457 (C.A.D.C. 2006) ("[R]ule 16(d)(1) authorizes the court to permit a party to make its case for a protective order "by a written statement that the court will inspect ex parte.").

In the Ninth Circuit, to prevent access to unfiled discovery materials in a civil case,

"[a] party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) (citing *Phillips v. Gen. Motors*, 307 F.3d 1206, 1212 (9th Cir. 2002)). "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Ind., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Generally, pretrial discovery is not a public component of a civil or criminal trial as such proceedings were not open to the public at common law and, in general, are conducted in private as a matter of modern practice. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) (citation omitted); *but see San Jose Mercury News, Inc. v. U.S. District Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). "Much of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action. Therefore, restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information." *Seattle Times*, 467 U.S. at 33; *see also United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) ("Discovery, whether civil or criminal, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation.").

"Good cause is established on a showing that disclosure will work a clearly defined and serious injury . . . The injury must be shown with specificity." *Wecht*, 484 F.3d at 211 (citing Fed.R.Civ.P. 26(c)); *see also Foltz*, 331 F.3d at 1135 (presumption of public right of access is subject to a "good cause" exception for the filing of discovery documents subject to a protective order). The good-cause determination must balance the public's interest in the information against the injuries that disclosure would cause. *Wecht*, 484 F.3d at 211 (citation omitted). To prevent access to unfiled discovery materials, "[a] party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz*, 331 F.3d at 1130

(citation omitted) (emphasis added).

**III. Discussion**

The parties' Second Consent Motion for Protective Order sufficiently demonstrates that confidential material contained in certain pretrial discovery would result in specific prejudice or harm to others if no protective order is granted. Moreover, the parties have provided a specific, narrowly-tailored definition of "Confidential Material" for the documents the parties seek to protect within the context of this case. At this time, the public's interest in the protected information does not outweigh the harm that public disclosure would cause. The parties acknowledge that non-confidential information is not subject to this Order.

While the Court will grant the parties' stipulated motion, the parties have not suggested a method by which documents deemed to contain Confidential Material would be marked or identified by a visible, objective means for the parties or others to know at a later time that such documents are subject to this Order and must not be disclosed to unauthorized persons or entities. The Court will order the Government to attach a colored, non-white front-sheet, marked "Confidential Material - Documents are subject to a Protective Order," or similar language or method, to all discovery subject to this Order before the discovery's disclosure to Arredondo's counsel.

The parties having demonstrated good cause for the entry of a limited protective order in this matter,

**IT IS ORDERED** that the parties' Second Consent Motion for Protective Order, doc. 16, is **GRANTED**.

**IT IS FURTHER ORDERED** that Arredondo, and for purposes of this Order, his counsel, agents, representatives, investigators, witnesses, and experts, shall comply with this Order as follows:

1. All Confidential Material exchanged between the parties will be handled in accordance with the terms of this Order. The terms "Confidential Material" are defined for the purposes of this Order as the following documents to be provided by the United States to Arredondo: (1) materials relating to the investigation of third persons and/or entities (both

open and closed); (2) materials relating to individuals who have agreed to cooperate with the Government in the investigation of other persons or entities; (3) materials relating to individuals who provided background information to law enforcement regarding the investigation of other persons or entities and requested that their identities not be disclosed; and (4) all financial records, tax records, and personal identifier information (including addresses, birth dates, and social security numbers) of all third parties.

2. All Confidential Material shall be reviewed by **only** (i) Arredondo, (ii) his attorneys of record, (iii) employees of those attorneys, (iv) a photocopying or data processing service to whom it is necessary that Arredondo show the materials for the purposes of preparation, trial, direct appeal (if any), and collateral attack (if any) of this matter, (v) witnesses or potential witnesses, (vi) experts or investigators assisting in the preparation, trial, direct appeal (if any), and collateral attack (if any) of this matter, and (vii) attorneys for any person identified in this paragraph. Arredondo shall not disclose the contents of the Confidential Material to any individual or entity except as provided herein, as may be stipulated and agreed upon in writing by the parties, or as further ordered by the District Court. Each individual who receives any Confidential Material shall maintain such information in a secure and safe area and in a manner which ensures that access to Confidential Material is strictly limited to persons entitled to receive Confidential Material in accordance with this Order.

3. Arredondo shall use Confidential Material and its contents solely for the preparation, trial, direct appeal (if any), and collateral attack (if any) of this matter and for no other purpose whatsoever. No additional copies of the Confidential Material shall be made except as necessary for those purposes.

4. This Order applies to any and all individuals to whom Arredondo (including any and all of his attorneys and agents), pursuant to this Order, shows or discloses the contents or substance of the Confidential Material produced to him by the Government. Before the Confidential Material or its contents is provided to any of the individuals or entities listed above, Arredondo or his counsel must give him or her a copy of this Order. By accepting

such material or its contents, such persons agree to submit to the jurisdiction of the United States District Court for the District of Arizona for the sole purpose of the enforcement of this Order.

5. Arredondo may include Confidential Material or its contents in any public filing only with the Government's express prior approval in writing, or, in the event the Government opposes such disclosure, the express prior approval of the District Court of Arizona. The Government may include reciprocal discovery materials or their contents that qualify as Confidential Material in a public filing only with Arredondo's express prior approval in writing, or, in the event Arredondo opposes such disclosure, the express prior approval of the District Court of Arizona. Neither party will unreasonably withhold his or its approval.

6. Arredondo may not use Confidential Material, including, but not limited to, the personal identifying information of third parties, to harass, intimidate, or coerce any individual whose personal identifying information is disclosed pursuant to this Order. *See* Rule 5.2(a), Fed.R.Civ.P., Privacy Protection For Filings Made with the Court.

7. Should Arredondo, his attorney of record, or any of the other individual or entity listed above find any material inadvertently produced by the Government that is marked as Confidential Material, they shall immediately seal the material and all copies of the material and inform the Government. By returning any such materials, Arredondo does not waive his right to use the materials at trial, on direct appeal (if any), or collateral attack.

8. Within 60 days from the conclusion of these proceedings (if any) and any direct appeal (if any) from or collateral attack (if any) upon these proceedings, the Confidential Material disclosed by the Government and any duplicates made in the preparation of, or during, the trial or direct appeal (if any) of this matter shall be returned to the Government or destroyed by Arredondo, unless the Court expressly authorizes an exception to this requirement.

9. This Order does not apply to otherwise publicly available information produced in discovery.

**IT IS FURTHER ORDERED** that the Government must attach a colored, non-white front-sheet, marked "Confidential Material - Documents are subject to a Protective Order," or use similar language or method, to all discovery subject to this Order before the discovery's disclosure to Arredondo, his counsel, or agents.

Dated this 4th day of June, 2012.

Lawrence O. Anderson
United States Magistrate Judge