1  Lee Stein, Bar No. 012368
   LStein@perkinscoie.com
2  Jean-Jacques Cabou, Bar No. 022835
   JCabou@perkinscoie.com
3  Amy Chang, Bar No. 027566
   AChang@perkinscoie.com
4  PERKINS COIE LLP
   2901 N. Central Avenue, Suite 2000
5  Phoenix, AZ  85012-2788
   Telephone:  602.351.8000
6  Facsimile:  602.648.7000

7  Attorneys for Defendant
   Paul Ben Arredondo

8

9               UNITED STATES DISTRICT COURT

10                   DISTRICT OF ARIZONA

11

| United States of America, | No. CR-12-1055 PHX FJM |
|---|---|
| Plaintiff, | |
| v. | **DEFENDANT'S MOTION FOR A BILL OF PARTICULARS AND SUPPORTING MEMORANDUM** |
| Paul Ben Arredondo, | **(Oral Argument Requested)** |
| Defendant. | |

### Motion

Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure and consistent with the mandates of the Due Process, Double Jeopardy, and Effective Assistance of Counsel provisions of the Fifth and Sixth Amendments to the United States Constitution, Defendant Paul Ben Arredondo ("Arredondo") hereby respectfully moves for a Bill of Particulars.

The allegations in the indictment are insufficient to permit Arredondo to adequately prepare for trial.  The indictment alleges federal programs bribery, honest services mail fraud, Hobbs Act extortion, and false statements.  The essence of a bribery case is the *quid pro quo*—a specific intent to receive something of value *in exchange* for an official act.  *See Evans v. United States*, 504 U.S. 255, 275, 277 (1992) (Kennedy, J., concurring) (finding that the *quid pro quo* requirement is an "essential element" of Hobbs

Act extortion and noting that an official violates this statute "only if he agrees to receive a payment not due him *in exchange* for an official act") (emphasis added).  Yet, the indictment does not specify each *quid* and each *quo*—in other words, the benefits received and the official actions provided in exchange for those benefits.  Instead, the indictment merely contains a non-exhaustive list of the "things of value" allegedly received by Arredondo and the actions he allegedly took "for the benefit of Company A," without explaining whether and how each of these actions was undertaken *in exchange* for one or more of the "things of value."  [Indictment ¶¶ 7, 9]

This lack of specificity provides Arredondo with inadequate notice of his alleged criminal conduct.  The Government's vague pleading places a hardship on him and his defense team because the bounds of the specific statutes at issue have recently been the subject of intense litigation.  Indeed, last week the Supreme Court confronted two high-profile cases concerning the contours of two of the statutes at issue here, 18 U.S.C. § 666 and 18 U.S.C. § 1346.  *See United States v. Siegelman*, 640 F.3d 1159 (11th Cir. 2011), *cert. denied*, 80 U.S.L.W. 3480 (U.S. June 4, 2012) (No. 11-955), 80 U.S.L.W. 3495 (U.S. June 4, 2012) (No. 11-972).  In light of the state of flux in which the law of honest services and federal programs bribery finds itself, it is especially important that the Government provide further particulars regarding the acts alleged.  Without such a Bill of Particulars as described below, Arredondo stands unable to identify the specific acts that allegedly form the elements of the charged offenses, and his counsel are unable to properly defend him.

Excludable delay under 18 U.S.C. § 3161(h)(1)(D) will occur as a result of this motion or of an order based thereon.

## Memorandum of Law

**I.     The General Standards Applicable to a Rule 7(f) Motion Require the Government to Disclose the Particulars Sought Below.**

The Court must ensure that the indictment has fairly informed a defendant of the charges against him. *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983).  Indeed,

the indictment must identify such charges with "sufficient precision to enable [the defendant] to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense." *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) (internal quotation marks omitted); *United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978). A motion for a bill of particulars is appropriate when, as here, a defendant requires clarification in order to prepare a defense. *Will v. United States*, 389 U.S. 90, 99 (1967); *United States v. Clay*, 476 F.2d 1211, 1215 (9th Cir. 1973).

**II.    Arredondo's Specific Requests.**

Arredondo respectfully requests:

1.    Specification of the "things of value" provided to Arredondo by representatives of Company A. [Indictment ¶¶ 7, 12, 14, 17]

    a.    Identify each thing of value provided to Arredondo, including any item not specifically enumerated in ¶¶ 7(a)-(f) of the indictment; and

    b.    Identify each person acting as a representative of Company A and the thing(s) of value provided by that person.

2.    Specification of official acts allegedly performed by Arredondo. [Indictment ¶¶ 9, 12, 14, 17]

    a.    Identify each action taken by Arredondo on behalf of Company A as (i) a member of the Tempe City Council, and (ii) as a member of the Arizona House of Representatives, including any action not specifically enumerated in ¶¶ 9(a)-(i) of the indictment.

3.    Specification of the *quid pro quo* for each thing of value provided.

4.    Identification of the specific provisions of the Arizona Constitution, the Arizona Revised Statutes, or any other applicable law that created a "right to the honest services of elected members of the Tempe City Council and the Arizona State Legislature" *and* the specific acts or omissions committed by Arredondo which allegedly violated that duty. [Indictment ¶ 14]

1        5.      Identification of the specific articles alleged to have moved in commerce

2   and the places to which such articles moved.  [Indictment ¶ 17]

3        6.      Identification of the explicit promises allegedly made by Arredondo to act or

4   not act in a particular "official" way in exchange for each particular item

5   allegedly provided to him.  *See United States v. Davis*, 30 F.3d 108, 109

6   (11th Cir. 1994) ("[A]n explicit promise by a public official to act or not act

7   is an essential element of Hobbs Act extortion.").

8   Dated:  June 12, 2012                    PERKINS COIE LLP

9

10                                        By: s/ Lee Stein
                                          Lee Stein, Bar No. 012368

11                                            LStein@perkinscoie.com
                                          Jean-Jacques Cabou, Bar No. 022835

12                                            JCabou@perkinscoie.com
                                          Amy Chang, Bar No. 027566

13                                            AChang@perkinscoie.com
                                        2901 N. Central Avenue, Suite 2000

14                                            Phoenix, AZ  85012-2788
                                          Telephone:  602.351.8000

15                                          Attorneys for Defendant
                                        Paul Ben Arredondo

16

17

18

19

20

21

22

23

24

25

26

27

28

1
                                **CERTIFICATE OF SERVICE**

2
        I hereby certify that on June 12, 2012, I electronically transmitted the attached

3
document to the clerk's office using the CM/ECF system for filing and transmittal of a

4
notice of electronic filing to the following CM/ECF registrants:

5

6
                          Monique T. Abrishami
                          M. Kendall Day

7
                          U.S. Department of Justice
                          Criminal Division, Public Integrity Section

8
                          1400 New York Avenue NW, 12th Floor
                          Washington DC 20005

9

10
                          Frederick A. Battista
                          U.S. Attorney's Office

11
                          Two Renaissance Square
                          40 North Central Avenue, Suite 1200

12
                          Phoenix, Arizona 85004-4408

13
                          *Attorneys for the Plaintiff*

14

15
                                          s/Lisa Mazza               

16

17

18

19

20

21

22

23

24

25

26

27

28