**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,               ) | CR 12-1055-PHX-FJM |
|                                   ) | |
| Plaintiff,           ) | **ORDER** |
|                                   ) | |
| vs.                                ) | |
|                                   ) | |
| Paul Ben Arredondo,                  ) | |
|                                   ) | |
| Defendant.          ) | |
|                                   ) | |

The court has before it defendant's motion for a bill of particulars (doc. 22), the government's response (doc. 25), and defendant's reply (doc. 26).

On May 16, 2012, defendant was charged in a five-count indictment with federal programs bribery, 18 U.S.C. § 666(a)(1)(B); two counts of honest services mail fraud, 18 U.S.C. §§ 1341, 1346; Hobbs Act extortion, 18 U.S.C. §§ 1951, 2; and false statements, 18 U.S.C. § 1001(a)(2). Defendant now moves for a bill of particulars under Rule 7(f), Fed. R. Crim. P., arguing that the indictment is insufficient to give him adequate notice of the charges against him.

The "essential purpose of an indictment is to give the defendant notice of the charge so that he can defend or plead his case adequately." United States v. Fleming, 215 F.3d 930, 935 (9th Cir. 2000). "An indictment also safeguards the defendant's Fifth Amendment right to be prosecuted only on charges considered and facts found by a grand jury." Id.

Defendant presents two arguments in support of his motion for a bill of particulars. He first argues that the indictment must allege a specific *quid pro quo*–in other words, a direct connection between a particular benefit received in exchange for a particular official

1 act. We are not persuaded by this argument given that the requisite *quid pro quo* element for the crimes charged does not require proof of a direct link between a specific official act and a specific benefit. See, e.g., United States v. Ganim, 510 F.3d 134, 141-42 (2d Cir. 2007); see also United States v. Jennings, 160 F.3d 1006, 1014 (4th Cir. 1998) (holding that proof of a violation under 18 U.S.C. § 666 does not require correlation of each payment with a specific official act).

However, defendant also argues that the indictment is defective because, although "things of value" and "official acts" are enumerated, the specified items do not constitute the complete list of the *quid* and *quo* that the government may introduce in order to obtain a conviction. See Indictment ¶¶ 7, 9 (stating that the alleged things of value and official acts "includ[e], but [are] not limited to" the specific items listed). Defendant argues that, because criminal charges are derived from the things of value received and the official acts provided, he is entitled to understand the full extent of those charges. He contends that the government must provide a bill of particulars containing a complete list so that he can adequately prepare his defense.

The government does not address this argument. Therefore, questions remain as to whether the government intends to assert additional instances of *quid pro quo* exchanges? Is the government obligated to include in an indictment uncharged criminal acts it intends to introduce in order to obtain a conviction? Does the inclusion of the term "including but not limited to" in the indictment require a bill of particulars in order to allow the defendant to prepare for trial, to avoid surprises, or to interpose a plea of double jeopardy should he be prosecuted a second time for the same offenses.

Accordingly, IT IS ORDERED that the government will file a supplemental brief, not to exceed 4 pages, addressing the issue presented by the defendant and the questions posed by the court, on or before July 27, 2012.

DATED this 19th day of July, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge