**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 12-1055-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Paul Ben Arredondo, | ) | |
| Defendant. | ) | |

The court has before it defendant's motion for a bill of particulars (doc. 22), the government's response (doc. 25), defendant's reply (doc. 26), and the government's supplemental memorandum (doc. 29), which we requested by our order dated July 19, 2012 (doc. 28).

On May 16, 2012, the grand jury charged defendant with federal programs bribery, honest services mail fraud, color-of-official-right extortion, and lying to federal agents. Defendant now moves for a bill of particulars under Rule 7(f), Fed. R. Crim. P., arguing that the indictment lacks sufficient specificity to provide him with adequate notice of the charged offenses.

The "essential purpose of an indictment is to give the defendant notice of the charge so that he can defend or plead his case adequately" and to protect him against double jeopardy. United States v. Fleming, 215 F.3d 930, 935 (9th Cir. 2000). It is not necessary

1 for an indictment to disclose all the evidence the government intends to produce, plead
2 evidentiary detail, or identify all the facts supporting the allegations. United States v. Giese,
3 597 F.2d 1170, 1181 (9th Cir. 1979) (citation omitted). The defendant bears the burden of
4 showing that the information requested is necessary and that he will be prejudiced without
5 it.

6       Defendant argues that the indictment is inadequate because (1) it fails to specify the
7 *quid pro quo* link between the "things of value" received and the "official actions" provided,
8 and (2) because it contains a non-exhaustive list of "things of value" and "official actions,"
9 leaving him unable to understand the full extent of the charges asserted against him.

10       We have already rejected defendant's argument that the indictment is insufficient
11 because it fails to allege a direct link between a particular benefit received in exchange for
12 each specific official act. See Order doc. 28 at 2. The *quid pro quo* element for the crimes
13 charged does not require proof of a direct link between a specific official act and a specific
14 benefit. See, e.g., United States v. Ganim, 510 F.3d 134, 141-42 (2d Cir. 2007); United
15 States v. Jennings, 160 F.3d 1006, 1014 (4th Cir. 1998).

16       We also reject defendant's argument that the indictment is insufficient because it does
17 not disclose a complete list of the *quid* and *quo* items that the government may introduce.
18 The government asserts in its supplemental brief that it does not intend to introduce
19 additional instances of *quid pro quo* exchanges that would constitute new, uncharged crimes.
20 Suppl. Memo at 1. Instead, it explains that it may offer additional evidentiary details
21 regarding the same, continuing *quid pro quo* exchange. Id. The government argues that
22 evidence of any additional "things of value" or "official actions" not specifically described
23 in the indictment would be "inextricably intertwined" with the charged course-of-conduct
24 crimes, and therefore would not constitute "other act" evidence proscribed by Rule 404(b),
25 Fed. R. Evid. See United States v. Dorsey, 677 F.3d 944, 951 (9th Cir. 2012).

26       We conclude that the indictment is sufficient and therefore no bill of particulars is
27 warranted. The defendant is on notice of the essential elements of the charged offenses. The
28 indictment need not identify all of the evidentiary details of the ongoing scheme. Moreover,

1  defendant acknowledges that he has received significant discovery from the government.  A
2  bill of particulars is not necessary where the government has made sufficient evidentiary
3  disclosures by other means.  United States v. Chen, 378 F.3d 151, 163 (2d Cir. 2004); Giese,
4  597 F.2d at 1180 ("Full discovery . . . obviates the need for a bill of particulars.).  We
5  conclude that defendant has not made the requisite showing to support a bill of particulars.
6      Therefore, **IT IS ORDERED DENYING** defendant's motion for a bill of particulars
7  (doc. 22).
8      DATED this 21st day of August, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge